**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2559
_____

TRI THANH NGUYEN, Appellant

v.

FRANKLIN COUNTY SHERIFFS DEPARTMENT;
DEPUTY STROBLE; DEPUTY CARTER;
DEPUTY HALL; SHERIFF DUANE ANTHONY;
OTHER UNKNOWN COUNTY OFFICERS; FRANKLIN COUNTY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 10-cv-01866)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2013
Before:  SCIRICA, JORDAN and GREENBERG, Circuit Judges

(Opinion filed January 29, 2013)
_____

OPINION
_____

PER CURIAM

Appellant, Tri Thanh Nguyen, appeals pro se from the judgment entered against him by the United States District Court for the Middle District of Pennsylvania. For the following reasons, we will affirm.

I.

Nguyen is a Pennsylvania inmate who was incarcerated at the Franklin County Jail ("FCL"). In September 2010, he commenced a civil rights action under 42 U.S.C. § 1983 in the District Court against the Franklin County Sheriff's Department and four of its employees—Sheriff Anthony, and Deputies Stroble, Carter, and Hall. In the complaint, Nguyen alleged that, in October 2008, while detained at the FCJ pending trial on sexual assault charges, he was escorted by Franklin County deputies to the Franklin County Courthouse, placed in a group holding cell, and left unattended. While in the group cell, one of the other inmates slipped out of his handcuffs and assaulted Nguyen. Nguyen claimed that he was assaulted due to the "lax transportation practices of the Franklin County Sheriffs, which was known to and ratified by the defendants." (Compl., Dist. Ct. Dkt. # 1, at ¶ 34.) Specifically, Nguyen alleged that the defendants had customs and policies in place that disregarded an excessive risk to inmates in protected classes, and that, despite being on notice of their deficient polices, the defendants failed to properly train and supervise deputies with respect to inmate safety. Nguyen claimed that the

2

defendants' conduct violated his rights under the Fifth, Eighth, and Fourteenth Amendments.

The matter was referred to a Magistrate Judge who recommended that: (1) the District Court dismiss Nguyen's claims under the Fifth Amendment because the defendants are not federal actors; (2) the District Court dismiss Nguyen's claims under the Eighth Amendment because he had not yet been adjudicated guilty of a crime, see Bell v. Wolfish, 441 U.S. 520, 535-37 & n.16 (1979); (3) the District Court dismiss without prejudice Nguyen's claims against Deputies Stroble, Carter, and Hall because Nguyen did not claim that they were personally involved in the alleged misconduct, see Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995); and (4) Franklin County be substituted as a defendant in place of the Franklin County Sheriff's Department because the Sheriff's Department is not a separate entity.[1] The District Court adopted the Magistrate Judge's Report and Recommendation, and ordered Nguyen to proceed solely on his Fourteenth Amendment claims against Franklin County and Sheriff Anthony.

The remaining defendants moved for summary judgment. The Magistrate Judge recommended that their motion be granted on the grounds that: (1) Nguyen failed to establish liability against Franklin County and Sheriff Anthony in his official capacity because he did not demonstrate that they maintained an unconstitutional custom or policy that caused the alleged injury, see Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978);

---

[1] The Magistrate Judge also recommended that the District Court dismiss without

(2) Nguyen failed to establish liability under a "failure to train" theory because he did not submit any evidence concerning inadequate training, see Carter v. City of Phila., 181 F.3d 339, 357 (3d Cir. 1999); and (3) Nguyen failed to establish liability under the "state-created danger" doctrine because he did not show that his injury was foreseeable or that the defendants acted with sufficient culpability, see Bright v. Westmoreland Cnty., 443 F.3d 276, 281 (3d Cir. 2006). The District Court agreed, and, by order entered April 20, 2012, entered summary judgment in favor of the defendants. This appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order dismissing a complaint under 28 U.S.C. § 1915(e)(2)(b). See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). We likewise exercise plenary review over the District Court's order granting summary judgment. See Kaucher v. Cnty. of Bucks, 455 F.3d 418, 422 (3d Cir. 2006).

On appeal, Nguyen argues that he produced sufficient evidence to withstand dismissal of his Eighth Amendment claims against Franklin County and Sheriff Anthony. As noted above, however, the District Court dismissed Nguyen's Eighth Amendment claims on the ground that pre-trial detainees like Nguyen are protected by the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment. We see no error in the District Court's conclusion. As the District Court correctly noted, the Eighth

prejudice several John Doe defendants that Nguyen named in the complaint.

4

Amendment applies only after the state "has secured a formal adjudication of guilt" because, prior to that time, it has not acquired "the power to punish with which the Eighth Amendment is concerned." Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977). To the extent that Nguyen's arguments can be construed as challenging the District Court's conclusion that he did not establish a Fourteenth Amendment violation because he did not demonstrate the existence of a state-created danger, we agree with the District Court that Nguyen failed to show that the defendants acted with sufficient culpability. See Bright, 443 F.3d at 281.

We have reviewed the record and discern no error in the reasoning of either the Magistrate Judge or the District Court regarding Nguyen's other claims.

III.

For these reasons, we will affirm the judgment of the District Court.

5